UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,               No. 1:22-CR-36

    v.                             Hon. Hala Y. Jarbou
                                      Chief U.S. District Judge

BRYAN ALAN KENNERT,

        Defendant.

_____/

## MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States, by its counsel Mark A. Totten, United States Attorney for the Western District of Michigan, and Davin M. Reust and Joel S. Fauson, Assistant United States Attorneys, herby moves this Court pursuant to Fed. R. Crim. P. 32.2(b), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) to enter a preliminary order of forfeiture requiring Bryan Alan Kennert to forfeit the following: approximately nine boxes containing sports memorabilia, sports cards, packaging materials, and protective materials, seized from his residence on July 9, 2021.

    1.    Defendant was indicted on March 16, 2022, with eight counts of wire fraud, in violation of 18 U.S.C. § 1343.  The Indictment placed the Defendant on notice that upon conviction of wire fraud, the United States would seek to forfeit the above property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

    2.    On May 19, 2022, the Defendant pled guilty to all counts contained within the Indictment without a plea agreement, admitting that he perpetrated a

scheme to defraud by selling counterfeit sports cards. At the change of plea hearing, the Defendant was made aware of the government's intention to pursue forfeiture of the above items (*See,* R.25: Plea Tr., PageID.69). The United States moves pursuant to Fed. R. Crim. P. 32.2(b) and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) for the entry of a Preliminary Order of Forfeiture forfeiting the aforementioned property.

3. Upon conviction of wire fraud, in violation of 18 U.S.C. § 1343, the law authorizes forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to…any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title)." The definition of "specified unlawful activity" includes "any act or activity constituting an offense listed in section 1961(1) [of Title 18] except an act which is indictable under subchapter II of chapter 53 of title 31." 18 U.S.C. § 1956(c)(7)(A). Wire fraud, in violation of 18 U.S.C. § 1343 is an offense that constitutes racketeering activity and is listed in 18 U.S.C. § 1961(1). Title 28 U.S.C. § 2461(c) makes 18 U.S.C. § 981(a)(1)(C) – which is otherwise a civil forfeiture statute – applicable to Defendant's criminal case.

4. To obtain a preliminary order of forfeiture, the Court must determine what property is subject to forfeiture under the applicable statute and determine whether the government has established the requisite nexus between the property and the offense. Fed. R. Crim. P. 32.2(b)(1)(A). The Court's determination can be based on evidence already in the record and any additional evidence or information submitted by the parties and accepted by the Court as relevant and reliable. If the

forfeiture is contested, the Court must conduct a hearing after the verdict or finding of guilty.  Fed. R. Crim. P. 32.2(b)(1)(B).

5.     The evidence contained in Kennert's presentence report establishes the nexus between the counterfeit sports cards sought to be forfeited and the offenses of conviction.  Kennert has sold fake sports cards and fake sports card packs since as early as 1992.  He has held no other verifiable employment in over two decades. In this case, he was convicted of selling fake sports card packs in 2019. The Government seeks to forfeit approximately nine boxes containing sports memorabilia, sports cards, packaging materials, and protective materials seized from the Defendant's residence on July 9, 2021.  The seized items have been evaluated by Baseball Card Exchange and have been identified as counterfeit.  Exhibit 1: Letter Concerning Authenticity of Seized Sports Cards.

6.     Counsel for the government inquired with defense counsel whether Defendant opposes the forfeiture of these items.  Defense counsel indicated Defendant opposes the forfeiture.  Accordingly, the United States requests a hearing at or before the time of sentencing so the Court can determine the forfeitability of the above items. Fed. R. Crim. P. 32.2(b)(1)(B).

WHEREFORE, the United States requests that this Court hold a forfeiture hearing at or before the time of Defendant's sentencing to determine the forfeitability of the items listed in the forfeiture allegation of the Indictment, and enter a preliminary order of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

                                        Respectfully submitted,

                                        MARK A. TOTTEN
                                        United States Attorney

Date:  August 29, 2022                  /s/  Joel S. Fauson
                                        JOEL S. FAUSON
                                        DAVIN M. REUST
                                        Assistant United States Attorneys
                                        P.O. Box 208
                                        Grand Rapids, Michigan  49501-0208
                                        (616) 456-2404